## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **ORLANDO BETHEL** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.** |
| | ) | |
| **UNITED PARCEL SERVICE, INC.,** | ) | **24-CV-135-JB-B** |
| **CALEB HINES ASHCRAFT;** | ) | |
| **ANTHONY T. HUTCHERSON;** | ) | |
| **WILLIAM CHARLES PLYBON;** | ) | |
| **TARA MICHELL AUSTIN; and** | ) | |
| **WILLIAM PRESTON EZELL,** | ) | |
| | ) | |
| *Defendants.* | ) | |

## BRIEF IN SUPPORT OF DEFENDANT ANTHONY HUTCHERSON'S RULE 12(b)(6) MOTION TO DISMISS

Defendant Anthony Hutcherson files this brief in support of his motion to dismiss all of Plaintiff's claims alleged against him. *See* FED. R. CIV. P. 12(b)(6). In support of this motion, Hutcherson provides the following grounds for dismissal.

### I.    FACTUAL BACKGROUND[1]

UPS hired Bethel as a Part-time Supervisor in April 2018. ECF 1 at ¶8. In late November and early December 2022, Plaintiff was involved in a conflict with another UPS employee and Teamster's Union Steward, Defendant Ezell. ECF 1 at ¶11-27. Plaintiff does not allege that Defendant Hutcherson had any direct involvement in this 2022 conflict. ECF 1. In April 2023, a disciplinary meeting was conducted in which Plaintiff's ability to issue discipline to hourly

---

[1] Under Rule 12(b), Hutcherson presumes the court will accept Bethel's well-pleaded factual allegations as true. This factual background therefore describes Bethel's allegations, and is not intended to be an admission of any facts or a waiver of any issues asserted in Hutcherson's answer and defenses.

employees was curtailed and Plaintiff was required to seek approval from other management personnel, including potentially Defendant Hutcherson, before issuing discipline. ECF 1 at ¶38-61. Defendant Hutcherson, along with all of the individual defendants in this case except Ezell, attended the April 2023 meeting. *Id.*

After filing a charge of discrimination with the Equal Employment Opportunity Commission, Plaintiff sued UPS and five individual defendants for discrimination and retaliation under Title VII and §1981 of the Civil Rights Act and conspiracy by the individual defendants. ECF 1-1. The only causes of action specifically pleaded against Defendant Hutcherson are conspiracy claims under 42 U.S.C. §1985(3) and Alabama common law. (Counts V and VI). Defendant Hutcherson now moves for dismissal of all claims against him on the pleadings under Rule 12(b)(6). FED. R. CIV. P. 12(b)(6).

## II.    ARGUMENTS & AUTHORITIES

Rule 12(b)(6) authorizes a district court to dismiss a case or individual claims on the pleadings. FED. R. CIV. P. 12((b)(6). "After *Twombly* and *Iqbal*, the standard to survive a 12(b)(6) motion to dismiss for failure to state a claim is 'plausibility.'" *Marquez v. Amazon.com, Inc.*, 69 F.4th 1262, 1269 (11th Cir. 2023) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "[T]o survive a motion to dismiss, a complaint must now contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* "This standard requires plaintiffs to provide more than naked assertions devoid of further factual enhancement, mere labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Id.* "Ultimately, a complaint may be dismissed for failure to state a claim when, ignoring any mere conclusory statements, the remaining allegations do not plausibly suggest that the defendant is liable." *Id.*

### A. Bethel has not stated a plausible conspiracy claim under 42 U.S.C. § 1985(3). (Count V)

In Count V, Bethel asserts a claim of conspiracy under § 1985(3) of the Civil Rights Act, alleged that he was discriminated and retaliated against under 42 U.S.C. § 1981. ECF 1 at ¶315. "To state a claim under § 1985(3), a plaintiff must allege: (1) defendants engaged in a conspiracy; (2) the conspiracy's purpose was to directly or indirectly deprive a protected person or class the equal protection of the laws, or equal privileges and immunities under the laws; (3) a conspirator committed an act to further the conspiracy; and (4) as a result, the plaintiff suffered injury to either his person or his property, or was deprived of a right or privilege of a citizen of the United States." *Jimenez v. Wellstar Health Sys.*, 596 F.3d 1304, 1312 (11th Cir. 2010). "When the alleged §1985(3) conspirators are private actors, the plaintiff must demonstrate that the conspiracy was aimed at rights constitutionally protected against private impairment." *Id.*

"The only rights the Supreme Court has expressly declared enforceable against private conspirators under § 1985(3) are the right to interstate travel and the right against involuntary servitude." *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 278 (1993). "Conversely, the Supreme Court has declared the freedom of speech and the rights protected under Title VII are insufficient to form the basis of § 1985(3) actions against private conspirators." *Jimenez*, 596 F.3d at 1312 *citing Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 378, 99 S.Ct. 2345, 2352, 60 L.Ed.2d 957 (1979).

Because conspiracies to violate rights protected by Title VII cannot form the basis of §1985(3) suits, and the Eleventh Circuit has routinely and systematically grouped Title VII and § 1981 claims for analytic purposes, the Eleventh Circuit has further held that conspiracies to violate rights protected under §1981 are likewise insufficient to form the basis of a §1985(3) claim. *Jimenez v. Wellstar Health Sys.*, 596 F.3d 1304, 1312 (11th Cir. 2010); *Standard*

*v. A.B.E.L. Servs.*, 161 F.3d 1318, 1330 (11th Cir. 1998) (analyzing Title VII and § 1981 claims concurrently because of their similarity); *Jones v Scott Davis Chip Mill*, No. 7:15-CV-00661-TMP, 2017 WL 5127717 (N.D. Ala. Nov. 6, 2017) (Plaintiffs cannot assert a legal claim against the defendants under § 1985(3) for a purported conspiracy to violate §1981.).

The only law that Plaintiff asserts under §1985(3) is for a purported conspiracy to violate §1981. ECF 1 at ¶311-315. As a matter of law, Plaintiff cannot assert a plausible claim under §1985(3) for a purported conspiracy to violate §1981 in the Eleventh Circuit. Defendant Hutcherson therefore asks the Court to dismiss Count V of Plaintiff's complaint against him.

### B.  Bethel has not stated a plausible claim for civil conspiracy under Alabama common law. (Count VI)

Plaintiff next reframes the same factual allegation from Count V as a conspiracy under Alabama common law in Count VI. ECF 1 at ¶319-328. Under Alabama common law, "it is well established that 'liability for civil conspiracy rests upon the existence of an underlying wrong and [that] if the underlying wrong provides no cause of action, then neither does the conspiracy.'" *Ex Parte Alabama Dept. of Transp.*, 764 So.2d 1263, 1271 (Ala. 2000) *quoting Jones v. BP Oil Co.*, 632 So.2d 435, 439 (Ala.1993). "Conspiracy is not an independent cause of action; therefore, when alleging conspiracy, a plaintiff must have a viable underlying cause of action." *Drill Parts & Serv. Co. v. Joy Mfg. Co.*, 619 So.2d 1280, 1290 (Ala.1993); *O'Dell v. State ex rel. Patterson*, 270 Ala. 236, 240, 117 So.2d 164, 168 (1959) ("Where civil liability for a conspiracy is sought to be enforced, the conspiracy itself furnishes no cause of action. The gist of the action is not the conspiracy alleged but the wrong committed.").

In support of his claim for common law conspiracy, Plaintiff alleges that Defendants conspired to discriminate and retaliate against him generally. ECF 1 at ¶323. He further alleges that Defendant Hutcherson committed violations of the Alabama criminal code in furtherance of

this conspiracy. ECF 1 at ¶323-325. As discussed above, Plaintiff's Title VII and §1981 claims are insufficient to form the basis for a civil conspiracy claim. Plaintiff did not plead any causes of action for state law discrimination or retaliation. As explained more fully below, Plaintiff's bare allegations of violations of criminal conduct without an accompanying civil cause of action are also insufficient to form the basis for a common law civil conspiracy claim. Therefore, Plaintiff does not have a valid underlying cause of action to support his common law conspiracy claim and Count VI should be dismissed.

In addition to his claims of discrimination and retaliation, Plaintiff cites to several Alabama criminal statutes that he alleges were violated by Defendants removing his phone from the April 2023 disciplinary meeting and not allowing Plaintiff to record the meeting. ECF 1 at ¶318-328. In *Martinson v. Cagle*, 454 So.2d 1383 (Ala.1984), the Alabama Supreme Court held that, although an act that constitutes a crime can also be the basis of a civil action, civil liability will exist "only if the acts complained of violate the legal rights of the plaintiff, constitute a breach of duty owed to the plaintiff, or constitute some cause of action for which relief may be granted." 454 So.2d at 1385. The Court found that counts alleging "only that the criminal acts were committed and that the [plaintiffs] were thereby injured" did not state a civil cause of action. *Id*.

The language of the Alabama Code does not create a private right of action for criminal complicity or criminal conspiracy, nor can Plaintiff show where Alabama common law has recognized that a civil cause of action exists under the criminal statutes proscribing this conduct. *Prill v. Marrone*, 23 So. 3d 1, 11 (Ala. 2009). Similar to the plaintiff in *Martinson* and *Prill*, Plaintiff alleges only that Defendant Hutcherson committed criminal acts and that those acts caused injury to Plaintiff. To the extent that the allegedly criminal conduct of Defendant Hutcherson also constitutes a legitimate civil cause of action, such a cause of action has not been

pleaded. Plaintiff's bare allegations of criminal conduct without having pleaded a civil cause of action are insufficient to plausibly state a claim for common law conspiracy.

Plaintiff's conspiracy claims are further barred by the intra-corporate conspiracy doctrine. Under the intra-corporate conspiracy doctrine, "a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves." *Denney v. City of Albany*, 247 F.3d 1172 (11th Cir. 2001) *quoting McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036 (11th Cir. 2000). All of the actions in which Plaintiff alleges that Defendant Hutcherson took in furtherance of the alleged conspiracy took place with and between other UPS employees. ECF 1 at ¶318-328. Thus, under the intra-corporate conspiracy doctrine, Hutcherson and his co-workers cannot plausibly conspire among themselves.

Plaintiff's Title VII and §1981 claims are insufficient to form the basis for a civil conspiracy claim. Plaintiff's criminal allegations without a corresponding civil cause of action are insufficient to form the basis of a civil conspiracy claim. Defendant Hutcherson cannot, as a matter of law, conspire among his fellow co-workers while acting in the scope of their employment. Therefore, Defendant Hutcherson asks this court to dismiss the common law conspiracy claims alleged against him in Count VI of Plaintiff's complaint.

## I.    CONCLUSION & PRAYER

Defendant Hutcherson respectfully requests that the court grant this motion, dismiss Plaintiff's claims against him on the pleadings, and award him any and all other relief to which he has shown himself entitled.

Respectfully submitted,

*/s/ Dana B. Hill*
Dana B. Hill (ASB-4649-D58B)
Shareholder

HILL, HILL, CARTER, FRANCO, COLE &
BLACK, P.C.
31 Inverness Center Parkway, Suite 120
Birmingham, Alabama 35242
Phone: (205) 271-1780
Fax: (205) 271-1799
dhill@hillhillcarter.com

and

Shannon B. Schmoyer (*Pro Hac Vice to be filed*)
Texas Bar No. 17780250
sschmoyer@sr-llp.com
William R. Liles (*Pro Hac Vice to be filed*)
Texas Bar No. 24083395
wliles@sr-llp.com
SCHMOYER REINHARD LLP
8000 IH 10 West, Suite 1600
San Antonio, Texas 78230
Phone: (210) 447-8033
Fax: (210) 447-8036

**ATTORNEYS FOR DEFENDANT
UNITED PARCEL SERVICE, INC.
(OHIO)**

## CERTIFICATE OF SERVICE

I do hereby certify that I have on **Tuesday, May 21, 2024,** electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all Counsel of record, and I have mailed the same to non-CM/ECF participants via United States Mail properly addressed and first-class postage prepaid, to wit:

Orlando Bethel
Attorney Pro Se
1617 Polk Street
Mobile, Alabama 36605
orlandobethel@gmail.com
251-348-2285

*/s/ Dana B. Hill*
Dana B. Hill