IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**ORLANDO BETHEL**, an individual,

      **Plaintiff,**

vs.               Civil Action No.: **24-CV-135-JB-B**
                  **Jury Trial Demanded**

**United Parcel Service, Inc.;**
**Caleb Hines Ashcraft;**
**Anthony T. Hutcherson;**
**William Charles Plybon;**
**Tara Michelle Austin;**
**William Preston Ezell;**

      **Defendants.**
_____/

### PLAINTIFF'S REPLY TO DEFENDANTS UPS, ASHCRAFT, HTUCHERSON, AUSTIN & PLYBON'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE HIS THIRD AMENDED COMPLAINT

    Plaintiff respectfully files this reply to the above named Defendants' Opposition to Plaintiff's Motion for Leave to File His Third Amended Complaint and requests that this Honorable Court grant Plaintiff Leave to file Plaintiff's Third Amended Complaint, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure and Local Rule 15, based on the following:

    Defendants UPS, Caleb Hines Ashcraft, Anthony T. Hutcherson, Tara Michelle Austin and William Charles Plybon (UPS Defendants), have stated their opposition (Doc. 70), to Plaintiff requesting leave to file a Third Amended Complaint (Doc. 66-1), but overtly absent in their opposition is any assertion that Plaintiff's Motion for Leave to File his Third Amended Complaint is futile. In fact, the UPS Defendants never specifically argue that Plaintiff should not at all be allowed to file a third amendment to his Complaint but rather only that Plaintiff should not be allowed to amend *"at this*

1

*point"* because the UPS Defendants present that, Plaintiff can *"later amend his complaint with leave of court when the facts of this case have truly developed in discovery"* (Doc. 70, pg 2).

On the contrary, Plaintiff asserts that with the recent development of Defendant UPS's internal investigations beginning on or about August 12th, 2024, at the UPS package center in the Mobile, Alabama area, regarding a *serial-violation* and other violations of law and resulting in the terminations of Defendant Ashcraft and Defendant Hutcherson on or about September 16th, 2024, the factual evidence of these newly occurring events are now, at this time conclusive and fully developed sufficiently and it would not promote judicial economy to require Plaintiff to wait until sometime later in this civil action during the discovery phase, to incorporate into his Complaint the material details of the terminations of Defendant Ashcraft and Defendant Hutcherson along with the corresponding causes of action.

**The Defendants have not Demonstrated a Substantial Reason to Deny Plaintiff's Leave to Amend**

As will be discussed in more detail below, waiting until the discovery phase to file a motion for leave to file a third amendment will only cause undue delay later in the proceedings of this civil action and potentially further delay the scheduling of trial on the merits of Plaintiff's claims. To reassert Plaintiff's position as stated in paragraph 1. of his motion for leave (Doc. 66 ¶ 1), Plaintiff does not expect, intend or desire to initiate any additional amendments to his Complaint after the filing of his Third Amended Complaint, unless otherwise instructed by the Court and neither would Plaintiff have filed a third amendment at this time, if it were not for Defendant Ashcraft's and Defendant Hutcherson's terminations, which have a direct bearing on the factual allegations and the causes of action for this civil action.

The question before the Court is therefore, whether Plaintiff should currently be granted leave to amend his Complaint regarding the newly discovered event of Defendant UPS's decision to terminate two of the key and material Defendants within Plaintiff's civil action. Even-more-so, the UPS

Defendants have conceded that newly discovered information is a justification for Plaintiff to amend his complaint (Doc. 70, pg 2), and neither have the UPS Defendants argued that the newly discovered information lacks material relevance to Plaintiff's claims.

  The UPS Defendants also have failed to meet their burden of demonstrating a *"substantial reason"* which could move the Court to deny Plaintiff leave to file a third amendment of his Complaint, based on the justifiable cause for which Plaintiff has requested leave (Doc. 66). The UPS Defendants have stated as their reason why the Court should deny Plaintiff's motion for leave, being that they are *"concerned that Bethel's serial-filing conduct"* will *"continue throughout the case"* (Doc. 70, pg 2). However, the UPS Defendants' perceived concern does not correlate to the legitimate cause for which Plaintiff requested for leave and for which the UPS Defendants themselves have conceded as being a justified cause for Plaintiff to amend – newly discovered material information verifying Defendants' *serial-violation conduct*. Neither have the UPS Defendants provided any legal authority to demonstrate why their stated concern should be considered to be a *"substantial reason"* to deny Plaintiff leave. See: *Nodd v. Integrated Airline Servs., Inc.*, CIVIL ACTION NO. 13-00598-CG-N, 21 (S.D. Ala. Aug. 4, 2014).

  Oddly enough, the same set of newly developed factual circumstances for which Plaintiff has requested leave to file a third amendment to his Complaint, is also the exact same cause for which Counsel for the UPS Defendants requested and was granted "leave" to withdraw representation from Defendants Ashcraft and Hutcherson - the termination of their employment with Defendant UPS due to evidence of racially discriminatory actions among other violations. It would not seem reasonable to deny Plaintiff leave to include into his Complaint a proper subject of relief (Negligent and Wanton Supervision), based on the exact same newly developed factual circumstances for which the UPS Defendants requested and was granted "leave" to withdraw representation (Doc. 69); (Doc. 72), especially when the UPS Defendants have not demonstrated to the Court any *"substantial reason"* for

3

denying Plaintiff leave.

The Eleventh Circuit Court of Appeals has stated: *"The decision whether to grant leave to amend is committed to the sound discretion of the trial court. Best Canvas Products Supplies, Inc. v. Ploof Truck Lines, Inc.,*713 F.2d 618 (11th Cir. 1983). *However, ; '[d]iscretion may be a misleading term, for rule 15(a) severely restricts the judge's freedom, directing that leave to amend `shall be freely given when justice so requires.' Dussouy v. Gulf Coast Investment Corp.,*660 F.2d 594, 597 (5th Cir. 1981). *This policy of Rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the trial court's discretion; thus, '[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.'"*
*Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984). See also *Peyton v. Mosley,* CIVIL ACTION 05-00482-KD-B, 7 (S.D. Ala. Feb. 12, 2009).

In holding to the long standard for what courts have considered as a *"substantial reason"* to deny a plaintiff leave to amend, the Eleventh Circuit Court of Appeals quoting *Forman v. Davis,*371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), has held that *"A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile."*
*Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

Within the four corners of the UPS Defendants' "Opposition" pleading, they have not demonstrated to the Court where Plaintiff's leave to file a third amendment to his Complaint, as a result of the newly developed events of Defendants Ashcraft's and Hutcherson's termination, should be considered *"undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by*

4

*amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile"* therefore, these *"substantial reason[s]"* are clearly and plainly not at issue here, because the UPS Defendants have not persuasively demonstrated such.

**The Court should Not Consider Plaintiff's Request for Leave as Undue Delay**

The UPS Defendants have though, more specifically argued that *"The instant motion seeks an opportunity to file a third amended complaint, which has delayed Defendants in providing a response for months"* (Doc. 70, pg 2). Yet, the passage of time, without anything more should not be construed as a cause to deny a motion for leave to file an amended complaint. *"The lengthy nature of litigation, without any other evidence of prejudice to the defendants or bad faith on the part of the plaintiffs, does not justify denying the plaintiffs the opportunity to amend their complaint". See Floyd v. Eastern Airlines, Inc.,* 872 F.2d 1462, 1490 (11th Cir. 1989)
- *Bryant v. Dupree*, 252 F.3d 1161, 1164 (11th Cir. 2001).

Here, there is simply no evidence that Plaintiff has employed any delaying tactics. When Plaintiff filed his Motion for Leave to file his Second Amended Complaint on August 23rd, 2024, (Doc. 54), Defendant UPS had not terminated either Defendant Ashcraft or Defendant Hutcherson as a result of its internal investigations regarding racial discrimination and retaliation. Not at anytime was Plaintiff in control of the timing of Defendant UPS's actions in investigating and terminating Defendant Ashcraft and Defendant Hutcherson nor did Counsel for the UPS Defendants as a courtesy, provide Plaintiff with any advanced notice of such events. Plaintiff acted without delay and within a reasonable time in filing for leave to add the details of the newly developed events, which Plaintiff was only officially informed of on or about September 16th, 2024.

In fact, as ordered by the Court, Plaintiff timely filed his Second Amended Complaint on

September 24th, 2024, and within six days later, on September 30th, 2024, Plaintiff filed leave to amend his Complaint with a completed attached proposed amended complaint (Doc. 66-1), detailing the recently developed and materially relevant events which provides factual support to Plaintiff's current claims and the additional claim of Negligent and Wanton Supervision. Again, Plaintiff does not expect, intend or desire to initiate any additional amendments to his Complaint after the filing of his Third Amended Complaint, unless otherwise instructed by the Court.

Plaintiff as a courtesy and in advance of filing for leave, informed Counsel for all Defendants of Plaintiff's intent to do so and also concerning the content of the proposed amendment. For the cause of judicial economy, Plaintiff has not opposed any of the Defendants' motions for extensions of time (Doc. 56); (Doc. 65); (Doc. 71). Thus, there has been no undue delay, bad faith or dilatory motive, on the part of Plaintiff.

Defendant Ashcraft and Defendant Hutcherson are two of the key and material individual defendants within Plaintiff's Complaint for racial discrimination and retaliation therefore, Defendant UPS's drastic action of recently terminating them after conducting its own internal investigations regarding racial discrimination, retaliation and other ethical violations, squarely supports Plaintiff's claims and thus, justice would so require the grant of Plaintiff's leave to incorporate the materially relevant factual circumstances regarding the terminations of these two defendants and the corresponding causes of action, within Plaintiff's Complaint at this time.

Plaintiff would also ask the Court to weigh the fact that UPS Defendants have insisted that Plaintiff's leave for his third amendment has *"delayed Defendants in providing a response"* and *"mooted their prior efforts to move this case forward"* (Doc. 70, pg 2), but such an assertion begs the question of would justice be so severed if Defendant UPS who, on its own initiative just terminated two key and material Defendants during this point of this litigation, were permitted to *"move this case forward"* without having to provide a response or answer to an amended complaint that includes the

6

details of these very recently occurring drastic actions.

Plaintiff would argue that justice would not be at all served if the UPS Defendants were permitted to *"move this case forward"* absent providing an answer or response for recent terminations of Defendants Ashcraft and Hutcherson, which directly supports Plaintiff's claims. Additionally, Plaintiff should not be delayed from including causes of action into his Complaint which would entitle Plaintiff to full and appropriate relief, due to these newly developed events initiated by the Defendants. Again, it is understandable that Defendant UPS would want to *"move this case forward"* while denying Plaintiff leave to include within his Complaint the recent drastic actions which would validate Plaintiff's claims, but what *"substantial reason"* to deny Plaintiff leave has been clearly and convincingly demonstrated?

While it is understandable that the UPS Defendants would oppose Plaintiff being granted leave at this early stage of this civil action never-the-less, justice would so require that Defendant UPS, Defendant Ashcraft and Defendant Hutcherson, provide an answer or response at this stage of this civil action, concerning the newly discovered events as detailed within Plaintiff's proposed Third Amended Complaint (Doc. 66-1). Even-more-so, these recent developments at the UPS package center have made it increasingly clear that for certain, racially discriminatory and retaliatory conditions exist at Defendant UPS's facility in the Mobile, Alabama area.

The UPS Defendants have suggested that Plaintiff could file for leave to amend his Complaint *"when the facts of this case have truly developed in discovery"* but Plaintiff would argue that such a consideration is counter-intuitive and counter productive to *"a just, speedy, and inexpensive determination"* (Doc. 70, pg 2), because: Firstly, it would be unjust to allow the UPS Defendants to stall all the way until discovery before having to providing a response or answer to the recently material and relevant circumstances regarding the terminations of two key defendants, which stalling could cause prejudice to Plaintiff; Secondly, because all of the Defendants have already been granted

7

unopposed extensions of time to file their answers or responses, granting Plaintiff leave at this time, promotes judicial economy and as a result, avoids any additional expense to the Defendants by unnecessarily filing answers or responses now for a Second Amended Complaint and then again during the discovery phase for a Third Amended Complaint; Thirdly, because it is well established that *"A district court may find undue delay when the movant knew of facts supporting the new claim long before the movant requested leave to amend, and amendment would further delay the proceedings. See, e.g., Campbell v. Emory Clinic,* 166 F.3d 1157, 1162 (11th Cir.1999)" - *Tampa Bay Water v. HDR Engineering, Inc.*, 731 F.3d 1171, 1186 (11th Cir. 2013). Fourthly, the Eleventh Circuit Court of Appeals has also held that a Plaintiff waiting to amend his complaint during the discovery phase can cause the case to become more protracted at that stage of the proceeding, by unnecessarily producing more attempts at discovery, delaying the disposition of the case and likely causing prejudice, especially when the Plaintiff could have made the motion earlier in the civil action opposed to making an "eleventh hour amendment". See: *Maynard v. Bd. of Regents of Div. of Univs.*, 342 F.3d 1281, 1287 (11th Cir. 2003).

      Whereas, the UPS Defendants have argued that the Court should deny Plaintiff's motion for leave until the discovery phase, so that *"the case may move forward with 'a just, speedy, and inexpensive determination'"* (Doc. 70, pg, 2), however, such an argument does not comport with the previously cited cases. Further, the Defendants in stark contrast, previously presented to the Court that the grant of their motion for an extension of time to file responses or answers, would be *"promoting judicial economy by not requiring, in effect, up to three rounds of answers, motions to dismiss, or other responsive pleadings"* and would thereby *"'secure a just, speedy, and inexpensive determination'"* (Doc. 56, pg 3). Yet, such conflicting positions by the Defendants only further demonstrates incongruity, because if Defendants now file responses or answers to Plaintiff's Second Amended Complaint and then later, as Defendants now suggests to the Court, Plaintiff could file leave for a third

8

amendment to his Complaint during discovery, Defendants will find themselves in the midst of trying to complete discovery, while being required to file additional rounds of *"answers, motions to dismiss, or other responsive pleadings"* to Plaintiff's leave to file an amendment, and then responses to the Third Amended Complaint itself.

In particular, the UPS Defendants will not be prejudiced by allowing Plaintiff to add the new facts and a corresponding cause of action, because they are timely filed, relate to the same legal theories underlying the original Complaint and all Defendants have received ample notice of Plaintiff's intent to file leave. To wit, after all of the Defendants received notice, they all timely filed and were granted unopposed motions for extensions of time to respond (Doc. 65), (Doc. 71). Thus, the UPS Defendants have not demonstrated nor even argued within their "Opposition" pleading, that they would be prejudiced by the grant of Plaintiff's leave to file a third amendment to his Complaint.

Plaintiff in an effort to promote judicial economy, has also on his own initiative corrected within his proposed Third Amended Complaint with what Plaintiff perceived as deficiencies, where after more diligent research of certain claims, Plaintiff concluded that certain Defendants should be removed from under certain counts and other Defendants included under other counts (Doc. 66, ¶¶ 5-7). Additionally, Plaintiff's Third Amended Complaint may contain more pages and paragraphs however, this is only due to the inclusion of updated information regarding the newly developed events and the corresponding count of Negligent and Wanton Supervision. More still, Plaintiff additionally listed within each count the specific paragraphs for which each count relies, in order to aid the Defendants and the Court in aligning Plaintiff's claims (Doc. 66, ¶ 8). It is thus appropriate for Plaintiff to amend his Complaint regarding the newly developed events which would ensure full and appropriate relief for Plaintiff's claims.

Finally, Plaintiff's motion for leave to amend his Complaint should also be granted because the inclusion of the newly discovered facts at this point and time of this civil action, will also avoid

9

piecemeal litigation, allow for a more prompt and efficient resolution of the entire controversy between the parties, and impose no undue delay or prejudice on any of the Defendants and thereby, provide the Defendants sufficient time to conduct any discovery and trial preparation they deem necessary, which also secures *"a just, speedy, and inexpensive determination"*.

As a result, Plaintiff respectfully moves this Honorable Court to grant Plaintiff's Motion for Leave to file his Third Amended Complaint.


Respectfully Submitted,



/s/ Orlando Bethel_____　　　　　____October 6th, 2024_____
Attorney Pro se　　　　　　　　　　　　　　　　　　　　　　Dated
1617 Polk Street
Mobile, AL 36605
251-348-2285
Orlandoabethel@gmail.com

10

## CERTIFICATE OF SERVICE

      I hereby certify that I have on Sunday, October 6th, 2024, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to all Counsel of record.


/s/ Orlando Bethel_____

11